O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC 16 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS A. BOONE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 08-0316 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

Plaintiff filed a Complaint herein on March 7, 2008, seeking review of the Commissioner's denial of his applications for disability insurance benefits and Supplemental Security Income benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on December 2, 2008. Thus, this matter now is ready for decision.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows[2]:

    1.    Whether the Commissioner properly rejected the opinion of a treating physician (Dr. Walker).

    2.    Whether the Commissioner properly rejected the opinion of a consultative examiner (Dr. Steiger).

    3.    Whether the Administrative Law Judge ("ALJ") presented a complete and proper hypothetical question.

    4.    Whether the ALJ properly evaluated plaintiff's subjective complaints and credibility.

**DISCUSSION**

With respect to Disputed Issue No. 1, for the reasons stated by the Commissioner (see Jt Stip at 9-11), the Court rejects plaintiff's contention that reversal is warranted based on the Commissioner's failure to credit the questionnaire form purportedly completed by plaintiff's treating physician, Dr. Walker (see AR 248-54). The record reflects that the Appeals Council did consider this unsigned and undated questionnaire form and that the Appeals Council did provide a sufficient specific and legitimate reason for according it little weight. (See AR 10).

With respect to Disputed Issue No. 2, for the reasons stated by the Commissioner (see Jt Stip at 11-12), the Court rejects plaintiff's contention that reversal is warranted based on the Commissioner's failure to credit Dr. Steiger's May 17, 2007 Orthopedic Evaluation Report (see AR 255-63). Again, the record reflects that the Appeals Council did consider Dr. Steiger's opinion that plaintiff was disabled

---

[2] The Court concurs with the Commissioner that the issue framed by plaintiff as Issue No. 1 actually encompasses three separate issues.

prior to the ALJ's decision and that the Appeals Council did provide sufficient specific and legitimate reasons for according that opinion no weight. (See AR 10).

With respect to Disputed Issue No. 3, the Court rejects plaintiff's contention that reversal is warranted because the ALJ did not pose a proper hypothetical to the vocational expert. As the Commissioner points out, the lifting issue raised by plaintiff is a red herring because there is no specificity regarding the frequency of the lifting activity for sedentary work; sedentary work merely requires an individual to be able to lift up to 10 pounds at a time. See 20 C.F.R. §§ 404.1567(a), 416.967(a). As to the "power gripping" and "keyboarding" limitations found by the ALJ and included in the ALJ's hypothetical, the Court disagrees with plaintiff that there was anything vague or ambiguous about those limitations.

Finally, with respect to Disputed Issue No. 4, for the reasons stated by the Commissioner (see Jt Stip at 16-19), the Court rejects plaintiff's contention that reversal is warranted based on the ALJ's alleged failure to make a proper adverse credibility determination. Contrary to plaintiff's contention, the Court finds that the ALJ's discussion does reflect consideration of the factors specified in Social Security Ruling 96-7p. (See AR 35-36). The Court finds that the ALJ's adverse credibility determination was proper because it was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit plaintiff's subjective testimony. See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision."); see also, e.g., Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings, and lack of consistent treatment); Thomas v. Barnhart, 278 F.3d 948, 959 (9th Cir. 2002) (ALJ may properly consider inter alia "'testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant]

complains'"); <u>Morgan v. Comm'r of Soc. Sec.</u>, 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record, and may properly rely on contradictions between claimant's reported limitations and claimant's daily activities); <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on inconsistencies in the claimant's testimony); <u>Orteza v. Shalala</u>, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints); <u>Fair</u>, 885 F.2d at 604 (ALJ may rely on the failure to follow a prescribed course of treatment).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: <u>December 12, 2008</u>

*/s/ Robert N. Block*

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE